IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA WHITTEN, | ) | CASE NO. 1:14 CV 1507 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

**A.   Nature of the case and proceedings**

Before me[1] is an action by Sandra Whitten under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] ECF # 16. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 10.

[4] ECF # 11.

[5] ECF # 5.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]

**B.     Background facts and decision of the Administrative Law Judge ("ALJ")**

Whitten, who was 60 years old at the time of the administrative hearing,[10] completed high school and last worked for a few weeks in 2012 at a call center.[11]

The ALJ, whose decision became the final decision of the Commissioner, found that Whitten had the following severe impairments: degenerative disc disease of the lumbar spine, obstructive sleep apnea, and obesity.[12]

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Whitten's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that Ms. Whitten has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b) except she can only occasionally stoop, kneel, crouch, crawl, or climb ramps or stairs, she can never climb ladders, ropes, or scaffolds, she must avoid all exposure to hazards such as unprotected heights and uncovered industrial machinery, and she is able to maintain focus sufficient to perform the tasks involved in her assigned work for 90% of the

---

[6] ECF # 12.

[7] ECF # 13 (Whitten's brief); ECF # 21 (Commissioner's brief); ECF # 22 (Whitten's reply brief).

[8] ECF # 14 at 3-8 (Whitten's charts); ECF # 21-1 (Commissioner's charts).

[9] ECF # 14 at 1-2 (Whitten's fact sheet).

[10] *Id.* at 1.

[11] *Id.*

[12] Transcript ("Tr.") at 29.

> work day, excluding regularly scheduled breaks, but this work must be low-stress work. i.e., work that does not involve more than occasional changes in the work setting or the work to be performed, and does not require a consistently fast pace or consistently high production standards.[13]

Based on that residual functional capacity, the ALJ found Whitten capable of her past relevant work as a billing clerk, a medical records clerk, a census enumerator, a sales associate, and an X-ray technician[14] and, therefore, not under a disability.[15]

### C. Issues on judicial review and decision

Whitten asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Whitten presents the following issue for judicial review:

> The ALJ determined that Whitten was able to perform her past relevant work. Does substantial evidence support this finding?

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

---

[13] *Id.* at 32.

[14] *Id.* at 34.

[15] *Id.* at 36.

## Analysis

**A.    Standards of review**

*1.    Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[16]

I will review the findings of the ALJ at issue here consistent with that deferential standard. The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

---

[16] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

*2.     Claimant's credibility*

In articulating reasons for discounting a claimant's credibility, the ALJ must provide enough of an assessment to assure the reviewing court that he or she has considered the relevant evidence and be specific enough to permit the court to trace the path of the ALJ's reasoning.[17] The ALJ's credibility finding is entitled to deference and should not be disturbed absent compelling reasons.[18]

**B.     Application of standards**

Whitten raises three arguments: (1) the ALJ's decision as to her credibility was flawed; (2) the record before the ALJ was incomplete, and the ALJ should have supplemented the record; and (3) the ALJ impermissibly substituted his own judgment for that of medical professionals concerning the effects of Whitten's sleep apnea.[19] These arguments will be separately addressed below.

*1.     Credibility*

Whitten argues here that the ALJ violated agency rules by not taking into consideration her explanations as to why she did not take prescribed medication and further by ignoring her aborted work history in 2012.[20]

The ALJ discounted Whitten's complaints of disabling pain for three reasons.

---

[17] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005).

[18] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

[19] ECF # 13 at 8-10.

[20] *Id*. at 7.

-5-

First, she noted that the severity claimed was not consistent with the objective medical evidence.[21] As the Commissioner points out, while objective evidence is not the only factor to be considered when weighing a complaint of pain, the regulations state that such evidence is a "useful indicator" for the ALJ in this connection.[22] To that purpose, the ALJ cited a 2011 polysomnogram study that revealed Whitten's sleep apnea was moderate.[23] The ALJ then noted a physician's reference to a 2005 MRI study of Whitten's lower back that showed only mild degenerative disc disease and a shallow disc protrusion at the L4-L5 level.[24]

Moreover, after recounting a number of physical examination findings that were normal or unremarkable, the ALJ recognized that one clinical study disclosed decreased lumbar spine range of motion but multiple other examination results that revealed no objective signs of disability.[25] Finally, the ALJ observed that Dr. Deborah Venesy, M.D., Whitten's treating spine specialist, told Whitten in 2012 that she could continue to perform her normal activities without restrictions.[26]

---

[21] Tr. at 33-34.

[22] ECF # 21 at 10 (citing 20 C.F.R. § 404.1529(c(2)).

[23] Tr. at 33 (citing record).

[24] *Id.* (citing record).

[25] *Id*. (citing record).

[26] *Id*. (citing record).

Next, the ALJ found the nature of Whitten's treatment inconsistent with her allegations of disabling pain.[27] Such a consideration is appropriate in reviewing any complaint of disabling pain.[28] In that review, the ALJ initially noted that Whitten does not take any prescription pain medications for her back impairment but instead treats this condition with over-the-counter analgesics and a TENS unit.[29] The ALJ further observed that Whitten has not received steroid injections for back pain nor has she been referred to a spine surgeon for a consult.[30] The ALJ then cited to records of her physical therapy showing that Whitten experienced improvement in her back pain as a result of participating in the program.[31] She also noted that Whitten received no treatment for her asserted depression, and declined to accept a referral to a psychiatrist or to fill a prescription for antidepressants.[32]

Finally, the ALJ cited "other factors" that limit Whitten's credibility. Here, in an observation Whitten challenges, the ALJ noted that Whitten's presence at job interviews was inconsistent with her claims that she was unable to work.[33] And in another contested observation, the ALJ found that Whitten's regular daytime naps called into question her

---

[27] *Id*.

[28] *See Helm v. Comm'r of Soc. Sec.*, 405 Fed. Appx. 332, 334-35 (6th Cir. 2007).

[29] Tr. at 33.

[30] *Id*.

[31] *Id*. (citing record).

[32] *Id*.

[33] *Id*.

assertion that she has difficulty sleeping at night, particularly since there is no indication that Whitten has made any effort to restrict her daytime naps so as to permit greater sleep at night.[34] Finally, the ALJ stated that Whitten has reported no difficulty sleeping since she began using a CPAP device at night in 2011.[35]

As noted, Whitten argues the ALJ improperly ignored her explanation of high cost as a reason she did not fill a prescription for Cymbalta.[36] She further contends that the ALJ should have recognized her brief period of employment, and the reason she left that job, in her discussion of whether Whitten's job search was inconsistent with her claim to be unemployable.[37]

Even if the ALJ erred on those two points, that error would be harmless in light of the detailed, substantial evidence presented by the ALJ as reasons for discounting Whitten's credibility, which are not contested.[38] As the Commissioner correctly observes, judicial review is not a ping-pong match where every technically meritorious argument necessarily results in the matter being lobbed back on remand, even though that argument has no bearing on the final disposition of the claim.[39]

---

[34] *Id*.

[35] *Id*. (citing record).

[36] ECF # 22 at 1-2.

[37] *Id*.

[38] *Ulman v. Comm'r of Soc. Sec.,* 693 F.3d 709, 714 (6th Cir. 2012).

[39] *Rabbers v. Comm'r of Soc. Sec.,* 582 F.3d 647, 654 (6th Cir. 2009).

Accordingly, I find that the ALJ's decision to discount Whitten's credibility is supported by substantial evidence.

## 2. *Supplementing the record*

Whitten contends that the ALJ should have obtained the records from a psychiatrist who was identified during the hearing, but whose file was not part of the record before the ALJ.[40] She also asserts that the ALJ should have obtained an MRI referred to in the record, as well as 2012 records from a visit Whitten made to the Cleveland Clinic in Solon likewise not part of the information before the ALJ at the time of her decision.[41]

As the Commissioner states, however, the claimant has the responsibility of obtaining and producing the evidence needed to support a claim.[42] Moreover, an ALJ has no heightened or special duty to develop the record when the claimant, as here, is represented by counsel.[43]

In this case, when Whitten testified at the hearing that she had seen "someone" at the Cleveland Clinic in the psychiatry department, the ALJ asked Whitten's counsel if he had these records.[44] He responded, "No I don't [but] I will run it past them again to see, but not at this point."[45] Plainly, this inquiry demonstrates that when made aware of this treatment,

---

[40] ECF # 13 at 8.

[41] *Id*. at 8-9.

[42] *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

[43] *Trandafir v. Comm'r of Soc. Sec.,* 58 Fed. Appx. 113, 115 (6th Cir. 2003).

[44] Tr. at 61.

[45] *Id*.

the ALJ asked claimant's counsel about the records, and was informed that he would attempt to obtain the records. The ALJ acted properly and had no obligation to act as a docket clerk to remind retained counsel to follow through on his representation.[46]

Accordingly, I find no error by the ALJ in her actions concerning these additional records.

### 3.     *Substitution of ALJ's opinion for medical evidence*

Whitten argues that the ALJ improperly relied on her own judgment instead of that of a medical professional when she found that Whitten's credibility as to her inability to sleep at night was weakened by her not making any effort to reduce daytime napping.[47] Whitten contends that while the ALJ may believe reducing daytime naps will assist a person with a nighttime sleep disorder, she cited no medical or scientific authority for that belief.[48]

Once again, even if Whitten is correct in contending that the ALJ was improper in making such a link between her daytime naps and her nighttime sleep disorder, that error would be harmless. As already discussed in connection with the issue of credibility, the ALJ's decision on Whitten's credibility rests on much more than this observation.[49] As

---

[46] I note here that the Commissioner has also properly pointed out that Whitten does not seek a "sentence six" remand to place new evidence before the ALJ. ECF # 13 at 10.

[47] ECF # 13 at 9.

[48] *Id*.

[49] *See*, ECF # 22 at 3. Indeed, Whitten herself in her reply brief admits that the ALJ "certainly" considered factors other than daytime naps in assessing her credibility as to the limitations of her sleep apnea.

for how afternoon naps effect any functional limitations resulting from sleep apnea, the ALJ noted that Whitten herself reported no problems with her sleep since she began using a CPAP device in 2011[50]

Thus, as stated earlier, even if the ALJ erred in this particular statement, that error is harmless.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Whitten had no disability. The denial of Whitten's applications is affirmed.

IT IS SO ORDERED.

Dated: August 25, 2015               s/ William H. Baughman, Jr.
                                     United States Magistrate Judge

---

[50] Tr. at 33 (citing record).